MOORE *v.* CHARLES F. LUEHRMANN HARDWOOD LUMBER COM-
PANY.

Opinion delivered April 29, 1907.

1. EVIDENCE—MEMORANDUM TO REFRESH MEMORY.—Written memoranda
which are inadmissible in themselves do not become competent evi-
dence by reason of having been used to refresh the memory of a
witness. (Page 487.)

2. ESTOPPEL—EFFECT OF MISTAKE AS TO BOUNDARY LINE.—Where the
agent of a landowner pointed out the supposed dividing line of
the land to the adjacent proprietor, who thereupon cut timber there-
from up to such line, the landowner will not be estopped to recover
for timber cut up to his true line if there was no purchase of
land or timber based upon the statement of such agent. (Page 487.)

Appeal from Mississippi Circuit Court; *Allen Hughes,*
Judge; affirmed.

The Charles F. Luehrmann Hardwood Lumber Company
sued Moore & McFerrin, partners, to recover the value of tim-
ber wrongfully cut by them from plaintiff's land. Plaintiff
owned the timber in sections 28, 29 and 33 in township 14 south,
range 10 east, while defendants owned the timber in section 32
adjoining. Defendants had procured one Fenner to make sur-
vey of section 32. It was proved that this line was incorrect.
Defendants cut and removed the timber up to the Fenner line,
which included about 40 acres of plaintiff's land. Plaintiff re-
covered judgment for $427.85, and defendants appealed.

*Myers & Banks* and *W. J. Driver,* for appellants.

1. The first instruction errs in presupposing title to be
in appellee. Appellee's claim of title to the timber involved must
be regarded as equivalent to the assertion of claim of title to
realty. 69 Ark. 447.

The declaration that for the purposes of this suit the plain-
tiff was the owner of the timber, etc., is a declaration of law
that the contract from Hale & Crenshaw to Luehrmann and
through him to appellee was sufficient proof of title to support the
action. Appellants being in possession and having denied ap-
pellee's ownership, the latter was required to prove a legal title.
38 Ark. 181; 47 Ark. 215; *Id.* 413; 56 Ark. 596.

2. In order to recover, the burden was on appellee to prove that the timber was cut and removed within three years next before the complaint was filed. Under the proof the action was barred. The court erred in excluding the pay rolls of appellant showing the dates when the timber was cut.

3. Appellee was bound by the acts of its agent, Kennedy, in pointing out to appellants a dividing line; and if the latter, acting on this representation, was induced to cut the timber up to this line, appellee should not recover. 4 Am. & Eng. Enc. of Law, 850; 25 Cal. 619; 58 Me. 172; 61 Mass. 375; 43 Mich. 542; 13 Atl. 960; 152 Mo. 525; 23 Ark. 704; 71 Ark. 248; 77 Ark. 309.

*John I. Moore* and *J. T. Coston,* for appellee.

1. Hale & Crenshaw's original ownership was not denied; the conveyance from them to Luehrmann and from him to appellee was proved and not contradicted, leaving no issue as to title. The court's first instruction was right in saying that plaintiff was the owner. It was not necessary that he deraign title. 88 S. W. 966.

2. On the question of the statute bar the court's instruction was too favorable to appellant. The burden is always on the party pleading the statute of limitations to prove that the claim is barred, unless that fact appears on the face of the complaint. But, under the proof, the jury found against this plea, and their verdict should stand. If the proof were otherwise, appellant, having induced delay by negotiations and representations leading appellee to believe that it intended to pay the claim, ought to be estopped to plead the bar. 60 Ark. 497. In this case the pay-rolls were competent for no purpose except to refresh the memory of a witness. If they had been competent as evidence, no foundation was laid for their introduction. They were properly excluded. 1 Greenleaf, Ev. (16 Ed.) § 120a; 57 Ark. 416.

3. There was no evidence on which to base the instruction asked by appellant with reference to Kennedy's pointing out a dividing line. If he had done so, appellee would not thereby be estopped, since it was done through ignorance of the true boundary. 41 Fed. 741; 59 Fed. 543; 84 Ia. 497; 38 Am. Rep. 314;

10 Am. Dec. 552; 15 N.-H. 176; 8 Johns. 376; 5 N. Y. 639; 37 N. Y. Sup. Ct. 171; 12 S. W. 950; 24 S. W. 708; 28 N. E. 926. It was not within Kennedy's apparent scope of authority to bind the appellee in the matter of establishing a boundary line.

HILL, C. J. This case is a controversy over timber cut from a strip of land lying between two surveys. That the "Fenner line" was incorrect, and that appellee's line should have extended beyond it to include the strip in controversy, were proved facts. There was a recovery by the plaintiff in the suit, and an appeal is prosecuted by defendants.

1. The first question raised is as to the first instruction, in which the court instructed the jury that for the purpose of the suit the plaintiff was the owner of the timber in question. The evidence of ownership consisted of a deed from Hale & Crenshaw to Luehrmann. The complaint alleged that the plaintiff acquired the timber by purchase from Hale & Crenshaw, the owners thereof. The answer denied that Luehrmann had purchased the timber from Hale & Crenshaw. Hence when the conveyance from Hale & Crenshaw was proved there was no further controversy left as to the fact that plaintiff was the owner of the timber.

2. The next alleged error is as to the statute of limitations. There was a dispute as to whether the timber was cut in 1901 or 1900. That issue was properly sent to the jury, and its finding is conclusive.

3. Complaint is made of the exclusion of certain payrolls, which were offered as tending to prove the date the timber was cut and to prove that it was done more than three years prior to the bringing of the suit. A witness, testifying in regard to the date of the cutting, based his evidence upon the fact that the payroll showed that the cutting was done in 1900. He was permitted to show these payrolls to the jury for their inspection. Later, appellant offered the payrolls in evidence, and the court excluded them. In this the court was right. The payrolls were useful for no other purpose in this connection than to refresh the mind of the witness. He was permitted to refresh his memory with them, and this was their utmost evidentiary value.

4. There was testimony tending to prove that the manager of appellee's mill informed appellants that the Fenner line was

the true-line before appellants cut any timber. Error is alleged to have occurred in the refusal of the court to submit to the jury that if this agent of the plaintiff pointed out a line, and informed defendants that the same was the dividing line between the timber tracts of plaintiff and defendants, and thereby induced them to believe that the same was the dividing line, and so believing they cut timber for their own use therefrom, there could be no recovery, and the company would be bound by the agent's action. The court was right in refusing this instruction. There was no purchase of the land or timber based upon the statements of the manager of the plaintiff. Even if it was competent for the manager to bind his company in such matters, the facts here fall short of creating an estoppel. The utmost the facts show is a mistake as to the true line; and the situation of parties upon such a mistake as this is stated by Chief Justice Chalmers, speaking for the Mississippi court:

"That he was mistaken as to where the line was, no more deprived him of the right to claim compensation for his trees than to claim ownership in the soil from which they were taken. Consent given to the taking, or acquiescence in the taking, of that to which one supposes that he has no title, will not prevent a recovery of the thing taken, when the true title is subsequently discovered. It will acquit the party taking from all claim for damages, direct or consequential, but it will not divest title, nor prevent the owner from recovering the actual value of his property." *Evans* v. *Miller,* 58 Miss. 120, 38 Am. Rep. 313. See note at end of case reviewing authorities on the subject.

Other matters presented have been considered, but no error is found.

Judgment affirmed.